Earl Ray WILLIAMS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 24471.

United States Court of Appeals
Fifth Circuit.

July 12, 1968.

Samuel S. Jacobson, Jacksonville, Fla.,
for appellant.

Bernard Nachman, Jacksonville, Fla.,
for appellee.

Before JOHN R. BROWN, Chief
Judge, CLAYTON, Circuit Judge, and
SCOTT, District Judge.

PER CURIAM:

Appellant was convicted for a violation of the Dyer Act, 18 U.S.C.A. § 2312. At the time of his arrest he gave the following written statement:

"I, James Harold Williams, was advised of the identity of Agents Reilly and Slapikas as Special Agents of the FBI. Mr. Reilly advised me that anything I say could be used against me in a court of law, that I did not have to make any statement, and that I have the right to consult with or obtain the services of an attorney or anyone else whom I might desire before making any statement. I was advised that if I can not afford an attorney the court will appoint one for me.

"At this time I do not desire to make a signed statement regarding any federal violation until I consult with my attorney.

"JAMES HAROLD WILLIAMS

"Witness: Special Agent Philip G. Reilly FBI

"Savannah, Ga. 3–13–66"

Appellant thereafter consulted an attorney of his own choice. Appellant was then questioned three times by FBI agents and each time appellant and his attorney consented to the interrogation.

Appellant asserts on this appeal that the statements made by him were inadmissible in evidence by reason of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We find that appellant acted on the advice of and with the consent of his counsel in giving the statements to the FBI agent. We hold these statements were properly admissible in evidence under *Miranda* because appellant and his attorney both consented to the giving of the statements.

Appellant makes several other assignments of error but we have considered each one and find them to be without merit.

Affirmed.